UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH D. SPILLERS,

    Plaintiff,

v.

SCOTT JONES, et al.,

    Defendants.

No. 2:18-cv-0092 DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF Nos. 6, 7.) Before the court are plaintiff's motion to proceed in forma pauperis ("IFP") and complaint for screening. For the reasons set forth below, the court will grant plaintiff's IFP motion and order service of the complaint on two defendants. In addition, the court will recommend the remaining defendants be dismissed from this action.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.
Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**II. Analysis**

   **A. Allegations of the Complaint**

Plaintiff is a state prisoner currently incarcerated at Duel Vocational Institution. He complains of an illegal arrest in 2017. He identifies the following defendants: (1) Sheriff Scott Jones; (2) Officer Wanner, Badge #1007; (3) Officer K. Wards, Badge #1142; (4) Judge Kevin J. McCormick; District Attorneys (5) Anne Marie Shubert, (6) Brian Gurrero, and (7) E. Blake; (8) Tatyana Gokun; and (9) Iriadna Gokun. (Comp. (ECF No. 1) at 1, 8.)

3

Plaintiff alleges defendants Wanner and Wards conspired in September 2016 and March 2017 to deprive him of equal protection of the laws when they arrested him on April 6, 2017 and seized his property because he is Black. (ECF No. 1 at 5-6.) Plaintiff further alleges that defendants Tatyana and Iriadna Gokun reported false information to agents of defendant Jones to support the arrest and seizure of his property. (Id. at 6.) Plaintiff states that officers had no bona fide warrant and no probable cause to arrest him and seize his property.

For relief, plaintiff seeks release from incarceration, expungement of the charges against him, and damages. (ECF No. 1 at 3.)

### B. Does Plaintiff State a Cognizable Claim?

#### 1. Improper Defendants

Initially, the court notes that several defendants should be dismissed because they are not proper defendants in this action. First, "[j]udges are absolutely immune from civil liability for damages for their judicial acts." Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1es385, 1388 (9th Cir. 1987) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1872); Pierson v. Ray, 386 U.S. 547(1967) (applying judicial immunity to § 1983 action). Accordingly, defendant McCormick should be dismissed from this action. Similarly, the United States Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Thus, defendants Shubert, Gurrero, and Blake should also be dismissed. The court further notes that plaintiff makes no allegations against any of these defendants.

Second, plaintiff may not state claims under § 1983 against private citizens. An action under § 1983 is only appropriate against a person acting "under color of state law." Plaintiff alleges that defendants Tatyana Gokun and Iriadna Gokun provided false information that lead to his arrest. Plaintiff does not, however, contend that these defendants are employed by the sheriff's department or were otherwise acting under color of state law. Accordingly, these defendants should be dismissed as well.

////

////

4

## 2. Supervisory Liability

Plaintiff includes defendant Jones in this action but describes no actions taken by Jones. Supervisory officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Rather, a plaintiff must establish that each individual "[g]overnment-official defendant, through the official's own individual actions, has violated the Constitution." Id. In other words, supervisory officials "cannot be held liable unless they themselves" violated a constitutional right. Id. Thus, supervisory liability can be imposed only if (1) the supervisor was personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207–08 (9th Cir. 2011) (internal citations omitted). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Id. at 1208 (citations omitted). Plaintiff fails to allege any actions by defendant Jones that caused him harm. Accordingly, Jones should also be dismissed from this case.

## 3. False Arrest Claim

The focus of plaintiff's complaint is his allegation that defendants Wanner and Wards arrested him and seized his property without a warrant and because he is Black. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." Lacey v. Maricopa Cnty., 693 F.3d 896, 918 (9th Cir. 2012) (quoting Dubner v. City & Cnty. of S.F., 266 F.3d 959, 964 (9th Cir. 2001)). "Probable cause exists when there is a fair probability or substantial chance of criminal activity." United States v. Patayan Soriano, 361 F.3d 494, 505 (9th Cir. 2004). "[T]he determination of

probable cause is based upon the totality of the circumstances known to the officers at the time" of the arrest. Id. "Probable cause exists if the arresting officers 'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.'" Gavelet-Blondin v. Shelton, 728 F. 3d 1086, 1098 (9th Cir. 2013) (citing Maxwell v. Cnty. of San Diego, 697 F.3d 941, 951 (9th Cir. 2012)).

Liberally construing plaintiff's allegations, he states a § 1983 claim against defendant officers Wanner and Wards for false arrest and seizure of his property in violation of the Fourth Amendment because they lacked probable cause and in violation of the Equal Protection Clause of the Fourteenth Amendment because those actions were taken because plaintiff is Black. The court will order service of the complaint on defendants Wanner and Wards.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for defendants Officer Wanner, Badge #1007, and Officer K. Wards, Badge #1142.

4. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed January 16, 2018.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

 a. The completed Notice of Submission of Documents;

 b. One completed summons;

////

|   |   |
|---|---|
| 1 |       c. One completed USM-285 form for each defendant listed in number 3 above; |
| 2 | and |
| 3 |       d. Three copies of the endorsed complaint filed January 16, 2018. |

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. The Clerk of the Court is instructed to randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that defendants McCormick, Shubert, Gurrero, Blake, T. Gokun, I. Gokun, and Jones be dismissed with prejudice from this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 22, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/spil0092.scrn

7

<pre>
 1
 2
 3
 4
 5
 6
 7
 8                          UNITED STATES DISTRICT COURT
 9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   JOSEPH D. SPILLERS,                    No. 2:18-cv-0092 DB P
12                 Plaintiff,
13        v.                                NOTICE OF SUBMISSION
14   SCOTT JONES, et al.,
15                 Defendants.
16
17        Plaintiff submits the following documents in compliance with the court's order filed
18   _____:
19        ____      completed summons form
20        ____      completed USM-285 forms
21        ____      copies of the _____
                                    Complaint
22
23   DATED:
24
25                                              _____
                                                Plaintiff
26
27
28
                                              1
</pre>