UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH D. SPILLERS,

    Plaintiff,

    v.

K. WOODS, et al.,

    Defendants.

No. 2:18-cv-0092 TLN DB P

<u>FINDINGS AND RECOMMENDATIONS</u>

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges his arrest and the seizure of his property was unconstitutional. Before the court is defendants' motion for summary judgment. For the reasons set forth below, this court will recommend defendants' motion be granted.

**BACKGROUND**

This case is proceeding on plaintiff's original complaint filed here on January 16, 2018. (ECF No. 1.) Plaintiff alleged that defendants Wanner and Woods conspired in September 2016 and March 2017 to deprive him of equal protection of the laws when they arrested him on April 6, 2017 and seized his property because he is Black. He contended the officers lacked a valid warrant and had no probable cause to arrest him or seize his property. On screening, the court found plaintiff stated claims against these two defendants under § 1983 for violations of the Fourteenth Amendment and the Equal Protection Clause.

1

On August 10, 2018, defendants answered the complaint. (ECF No. 21.) On March 1, 2019, defendants filed the present motion for summary judgment. (ECF No. 30.) Plaintiff filed an opposition (ECF No. 32) and defendants filed a reply (ECF No. 35).

**MOTION FOR SUMMARY JUDGMENT**

Defendants seek summary judgment based on three arguments: (1) plaintiff's claims are barred in a § 1983 action under Heck v. Humphrey, (2) plaintiff provides no evidence to support his equal protection claim, and (3) defendants are entitled to qualified immunity. Because this court finds defendants first argument valid and this action should be dismissed, it does not reach defendants' remaining two arguments.

**I.    Legal Standards**

**A.  Summary Judgment Standards under Rule 56**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325.); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See

1  Celotex, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element of the

2  nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a

3  circumstance, summary judgment should be granted, "so long as whatever is before the district

4  court demonstrates that the standard for entry of summary judgment . . . is satisfied."  Id. at 323.

5      If the moving party meets its initial responsibility, the burden then shifts to the opposing

6  party to establish that a genuine issue as to any material fact exists.  See Matsushita Elec. Indus.

7  Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of

8  this factual dispute, the opposing party typically may not rely upon the allegations or denials of its

9  pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or

10 admissible discovery material, in support of its contention that the dispute exists.  See Fed. R.

11 Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.

12     However, a complaint that is submitted in substantial compliance with the form prescribed

13 in 28 U.S.C. § 1746 is a "verified complaint" and may serve as an opposing affidavit under Rule

14 56 as long as its allegations arise from personal knowledge and contain specific facts admissible

15 into evidence.  See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Schroeder v. McDonald,

16 55 F.3d 454, 460 (9th Cir. 1995) (accepting the verified complaint as an opposing affidavit

17 because the plaintiff "demonstrated his personal knowledge by citing two specific instances

18 where correctional staff members . . . made statements from which a jury could reasonably infer a

19 retaliatory motive"); McElyea v. Babbitt, 833 F.2d 196, 197–98 (9th Cir. 1987); see also El Bey

20 v. Roop, 530 F.3d 407, 414 (6th Cir. 2008) (Court reversed the district court's grant of summary

21 judgment because it "fail[ed] to account for the fact that El Bey signed his complaint under

22 penalty of perjury pursuant to 28 U.S.C. § 1746.  His verified complaint therefore carries the

23 same weight as would an affidavit for the purposes of summary judgment.").  The opposing party

24 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

25 of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

26 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

27 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return

28 ////

3

a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

To show the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted)

**B.  Civil Rights Act Pursuant to 42 U.S.C. § 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act

which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

### C. Heck v. Humphrey

In Heck v. Humphrey, the Supreme Court held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. 477, 481 (1994). A plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court. Id. at 486–87. The Supreme Court has extended this holding to civil-rights actions in which the plaintiff seeks declaratory or injunctive relief as well as damages. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

In Smith v. City of Hemet, the Ninth Circuit reiterated: "[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." 394 F.3d 689, 695 (9th Cir. 2005) (quotation omitted). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would necessarily imply or demonstrate the invalidity of the earlier conviction or sentence.'" Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Heck, 512 U.S. at 487).

## II. Statement of Facts

Defendants filed a Statement of Undisputed Facts ("DSUF") as required by Local Rule 260(a). (ECF No. 30-2.) Plaintiff's filing in opposition to defendants' motion for summary judgment fails to comply with Local Rule 260(b). (ECF No. 32.) Rule 260(b) requires that a party opposing a motion for summary judgment "shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that

denial." Plaintiff's opposition to the summary judgment motion consists of only a brief and several exhibits.

In light of plaintiff's pro se status, the court has reviewed plaintiff's filings in an effort to discern whether he denies any material fact asserted in defendants' DSUF or has shown facts that are not opposed by defendants. The court considers the statements plaintiff made in his verified complaint (ECF No. 1), the transcript of plaintiff's deposition submitted by defendants (see ECF No. 28), and plaintiff's opposition brief and exhibits (ECF No. 32).

Below, the court lists the undisputed facts that are material to defendants' Heck argument. Any disputed material facts are addressed in the discussion of the merits of defendants' motion below.

- On the evening of September 26, 2016, Sacramento County Sheriff's Deputies Croteau and Wanner were dispatched to the residence of Iriadna Gokun ("I. Gokun"). (DSUF #1.)
- I. Gokun told the deputies that plaintiff, her ex-boyfriend, had broken into her home, stolen her purse which contained her cell phone and car keys, and drove off in her car. (DSUF #2.)
- Defendant Wanner authored an incident report regarding the complaint of I. Gokun. In that report, he recommended further investigation and an arrest warrant for plaintiff on charges of robbery and vehicle theft. (DSUF #7.)
- Based on I. Gokun's identification of plaintiff as the suspect, on October 18, 2016, Sacramento County Detective Santin prepared a request for a warrant for plaintiff's arrest and submitted it to the District Attorney's Office for approval. (DSUF #10.)
- On March 10, 2017, Sacramento Sheriff's Deputy Woods took a statement at the Sheriff's Department front counter from Tatyana Gokun ("T. Gokun"). T. Gokun reported that she had permitted her daughter, I. Gokun, to use her vehicle but on February 23, 2017, plaintiff took the vehicle from I. Gokun without permission. (DSUF ##11-13.)

- Defendant Woods then completed an "embezzled vehicle report," which T. Gokun signed. (DSUF #15.)
- Woods also authored an incident report regarding T. Gokun's complaint. She recommended further investigation and noted that plaintiff had an outstanding bench warrant for a charge of corporal injury to a spouse or cohabitant. (DSUF ##14, 16.)
- On April 6, 2017, plaintiff was arrested by Sacramento Police Department Officers Rios and Mahoney on multiple charges. (DSUF #18.)
- During the April 6 arrest, officers seized plaintiff's vehicle. (DSUF #18.)
- The District Attorney's Office charged plaintiff with, among other things, the September 2016 burglary, robbery and carjacking upon I. Gokun and the February 2017 robbery, carjacking, vehicle theft, and receiving stolen property upon I. Gokun. (DSUF #19.)
- On December 6, 2017, after a jury trial, at which both I. Gokun and T. Gokun testified, plaintiff was convicted of nine felonies, including robbery, carjacking, two counts of car theft, and receiving stolen property. (DSUF ##20, 21.)
- Plaintiff filed this § 1983 action on January 16, 2018. (DSUF #22.)

### III. Request for Judicial Notice

Defendants ask the court to take judicial notice of certified court records from <u>People of the State of California v. Joseph D. Spillers</u>, Sacramento Superior Court Case No. 17FE006350. (ECF Nos. 30-6 (request) and 30-5 (exhibits).) Plaintiff does not object to the request.

"A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Matters of public record are subject to judicial notice. See <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986); see also <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689-90 (9th Cir. 2001). Because the documents are

matters of public record, this court will take judicial notice of the documents provided from plaintiff's 2017 criminal case in Sacramento County Superior Court.

**IV.    Discussion**

While somewhat difficult to discern, it appears that plaintiff is challenging defendants' reporting of their interviews with I. Gokun and T. Gokun. According to plaintiff, those reports formed the basis for his April 6, 2017 arrest and seizure of his vehicle. To be successful on his claims, plaintiff would have to establish that there was no probable cause to arrest him. See Lacey v. Maricopa Cnty., 693 F.3d 896, 918 (9th Cir. 2012). Because the arrest was based on facts which formed the basis for plaintiff's convictions, a showing that the arrest lacked probable cause, or was otherwise invalid, would necessarily call those convictions into question. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (claim of false arrest is Heck-barred where a showing that there was no probable cause to arrest would necessary imply that the conviction was invalid); see also Kyles v. Baker, 72 F. Supp. 3d 1021, 1035 (N.D. Cal. 2014) (same). Accordingly, plaintiff may not seek relief under § 1983 for the present claims until he has achieved a favorable termination of his criminal convictions through the appellate or habeas processes.[1]  Heck, 512 U.S. at 486-87.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

////

---

[1] For at least two reasons, it would not be appropriate to convert this action to a habeas corpus case. First, it is evident that when plaintiff filed this § 1983 action, less than two months after the jury verdict, he had not exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1)(A). Second, converting this case to a habeas proceeding may prevent plaintiff from raising other claims in a habeas petition. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 29, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/spil0092.msj fr